## Caldwell, etc., v. Crown Avenue Silk Co.

*Leslie H. Simons*, for plaintiff.

*Donahoe & Helriegel*, for defendant.

EAGEN, J., May 29, 1942.—This is an action in assumpsit on defendant's check to plaintiff's order upon which payment had been stopped by the drawer. In the statement of claim plaintiff averred execution and delivery of the check for a valuable consideration, demand and refusal of payment. Defendant urges the

court to direct plaintiff to file a more specific statement of claim, arguing that it is obligatory on the part of plaintiff to set forth in detail the terms of the contract in connection with the delivery of the check. With this the court does not agree.

Defendant maintains that the instrument is void for want of consideration and that the details of the transaction will reveal it. This is an affirmative defense and the burden thereof rests upon defendant.

"Every negotiable instrument is deemed, *prima facie*, to have been issued for a valuable consideration . . .": Negotiable Instruments Law of May 16, 1901, P. L. 194, sec. 24. See opinion of Newcomb, P. J., in Scranton Electric Co. v. Wimmers, 30 Lacka. Jur. 163.

The legal authorities called to the attention of the court hold that, in a suit on a negotiable instrument, it is never necessary to set out the negotiations of the original parties. The consideration is presumed and need not be specified: Rhodes v. Terheyden et al., 67 Pitts. 609; Frederick v. Beattie et al., 41 Lanc. 136.

The case of Puskarich v. Landman, 2 Fayette 67, does not sustain defendant's contention. In that case the statement of claim contained averments similar to the one at bar and the affidavit of defense pleaded the want of consideration for execution and delivery of the check. Plaintiff, in its reply, admitted the allegations of the affidavit of defense and the court entered judgment for want of a sufficient reply holding that, while the check was a negotiable instrument and raised a presumption of consideration, this presumption was conclusively rebutted by the admissions of plaintiff in the reply.

Now, therefore, May 29, 1942, the rule heretofore granted to show cause why plaintiff should not file a more specific statement of claim is discharged and defendant is allowed 15 days from date hereof to file an affidavit of defense to the merits of plaintiff's cause of action.